The Chief Justice
delivered the opinion of the court.
The only point in this case, relates, to the sufficiency of the plaintiff’s replication to the defendants’ plea, denying the consideration of the note on which the action was brought.
It appears from the replication, that the note was given for a part of the price' of a lot in Nicholasville, purchased by one of the defendants from the plaintiff’s testator to whom the note was given; and that the testator had no *177 Vrntten evidence of his right, and had given no deed or other instrument of writing to the defendant, to whom he sold; but it also appears, thdt the testator was ¡a purchaser*^ for a valuable consideration, and after improving the lot and occupying it for some years, sold his claim only to the defendant, who was put into possession, which he still retains.
Hoggin for appellant, Pope for appellee.
If t!le ^eft-edy^'it isTn chancery,
considera- ™ tionofanote, furnishes no Williams-vs. Briscoe.
These facts, we apprehend, are sufficient to shew, that, the relief of the defendants, if they be entitled to any, should be sought in a court of equity, and not by way of defence at law.
The transfer of the possession of the lot was, no doubt, a part of the consideration for the price agreed to be given by the defendant, and they ought not to be permitted to avoid the contract on their part, while they still retain the possession,
Judgment affirmed with cost and damages.